WATKINS, Judge.
This appeal presents the legal question of whether the defense of tort immunity for statutory employers under the Louisiana Worker’s Compensation Act is barred when a general laborer is injured while being transported from one area of the employer’s facility to another.
Plaintiff, Frank Singleton, was injured at the facility of defendant, Marine Shale Processors, Inc. (MSP). At the time of his injury Mr. Singleton was an employee of MBJ Contractors, which occasionally provided laborers for MSP. Mr. Singleton and his wife Katherine filed suit against MSP and its insurer (identified only as XYZ Insurance), as well as Mr. Godfrey LeBouef, a supervisor for MSP, alleging that his injuries resulted from their negligence.
The defendants filed a motion for summary judgment alleging that MSP was the statutory employer of Mr. Singleton. The motion was supported by the depositions of Mr.. LeBouef and of Mr. Charles Bennett, an MSP representative. Plaintiffs opposed the motion by filing the affidavits of Samuel Hawkins and Benjamin Robinson, former employees of MSP, as well as the affidavit of Mr. Singleton. The trial court rendered summary judgment in favor of the defendants and dismissed the plaintiffs’ suit.
Despite agreement among all witnesses and affiants as to the details of the injury-producing accident, plaintiffs assert that a material factual issue exists, making the granting of summary judgment erroneous. The issue is, according to the plaintiffs, whether Mr. Singleton at the time of the accident was engaged in the trade, business or occupation of MSP so as to be MSP’s statutory employee.
The depositions and affidavits of record reveal the following undisputed facts. Mr. Singleton, a laborer employed by MBJ Contractors, was injured at a plant owned and operated by MSP in Morgan City, Louisiana. On July 10, 1987, Mr. Singleton had been assigned the task of cleaning an oxidizer unit; the cleaning was accomplished by a combination of sweeping, scraping, and shoveling. Mr. LeBouef testifed that he instructed Mr. Singleton and Mr. Kevin Wilson to accompany him in a golf cart to the welding shop for the purpose of obtaining a forklift. The shop was approximately 100 yards away from the oxidizer; both were on MSP property. Mr. LeBouef explained that the forklift was necessary to complete the cleaning of the oxidizer unit and that Mr. Singleton and Mr. Wilson were going to guide the forklift as it removed items from the oxidizer. The forklift was to be operated by Mr. Curtis Fowler. Mr. LeBouef was driving the golf cart; unfortunately he backed into a steel structure, and Mr. Singleton was injured in the accident.
Plaintiffs rely heavily on the argument that riding on a golf cart had nothing to do with the specific task of cleaning the oxidizer. The argument might have merit if this had been a mere joy ride. However, Mr. Singleton was directed by MSP’s supervisor to accompany him on the golf cart to procure a piece of equipment from another area of the same plant. Mr. Singleton did not fade in and out of the course and scope of his employment every time he put down his broom or shovel; he was. within the course and scope of his employment while being transported by MSP on the MSP *498 facility. See Naquin v. Texaco, Inc., 423 So.2d 31, (La.App. 1st Cir.1982). The cases cited by plaintiffs in support of their position are inapposite to the precise issue posed by the instant case.
Our review of the record convinces us that the trial court did not err in dismissing the defendants from the suit pursuant to their statutory employer defense and the guidelines enunciated in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). Appellant is cast for costs of this appeal.
AFFIRMED.